UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID S. HASTINGS, Individually
and as Successor in Interest to
Remedy Nutraceuticals, Inc.,
Promissory Note dated May 22, 2012

      Plaintiff,

v.                                                         Case No: 2:20-cv-951-SPC-NPM

U.S. BANK NATIONAL
ASSOCIATION,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is pro se Plaintiff David Hastings' Motion for Relief from Judgment. (Doc. 12). Two months ago, the Court dismissed this action without prejudice because Plaintiff, as a party entitled to a default, had not applied for a default under Local Rule 1.10(d). (Doc. 10). Hastings now moves to reopen this action under Federal Rule of Civil Procedure 60(b)(1). That rule says a court may grant relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Hastings moves for Rule 60(b)(1) relief because he did move for a default judgment last March,[2] but the Court did not receive it. According to Hastings, he included a motion for default judgment "in his legal envelope for his Response to Respondent's Reply in another case in this Court (2:20-cv-615-SPC-MRM)" in order "to conserve postage."[3] (Doc. 12 at 3-4). As evidence, Hastings attaches two documents. First, is a copy of his inmate trust account that shows eight entries for legal postage on March 9, 17, and 23. Second, is an unsigned "File Copy" of the motion for default judgment that dates the certificate of service as "March 17, 2021." (Doc. 12-2 at 2). Hastings says he first learned the Court did not receive his motion on April 24.

Hastings offers inconsistent explanations for why the Court did not receive his motion. He says, "for some unexplained reason, the Clerk of Court did not receive the filing." (Doc. 12 at 4). But later he blames the Department of Corrections for not mailing the motion. (*Id.*). If the Department of Corrections did not mail the motion, then wouldn't there be an explained reason the Clerk did not get his motion?

Also, Hastings' inmate trust account only shows he spent over $8 for legal postage. (Doc. 12-1). It does not identify any case for which Hastings

---

[2] Unless stated otherwise, all dates in this Opinion and Order occurred in 2021.

[3] The case Hastings references is a federal habeas corpus petition pending before the undersigned styled as *Hastings v. Sec'y Dep't of Corr.*, 2:20-cv-615-SPC-MRM (M.D. Fla.).

used the postage and any date of mailing. Hastings has several cases pending in this Court, so it's not surprising that he would regularly buy postage to keep up with his suits. The inmate trust account is nothing more than a receipt for stamps, so it does little to corroborate his explanation for Rule 60(b)(1) relief.

What is more, Hastings mentions filing a document titled, "Response to Respondent's Reply," in another federal habeas case and including the motion for default judgment in the same mailing envelope. The Court has reviewed (and taken judicial notice of) the habeas case, which paints a different picture. The habeas case has no document titled, "Response to Respondent's Reply." Nor does the record reflect any need (or permission) for Hastings to file such a document. And to the extent that Hastings argues the Department of Corrections never mailed his documents, noticeably absent from the habeas record is any notice or objection from Hastings that his "Response to Respondent's Reply" is missing. The habeas case only shows that Hastings mailed a reply supporting his motion for summary judgment on March 9. (Doc. 13). The reply included three attachments—none of which were a motion for default judgment. (Doc. 13). It is clear the Department of Corrections mailed, and the Clerk's Office received, the reply just days before Hastings allegedly submitted his motion for default judgment.

At bottom, the Court declines to exercise its discretion to find any "mistake, inadvertence, surprise, or excusable neglect" to warrant Rule 60(b)(1) relief based on the record and Hastings' arguments. This action thus remains dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiff David S. Hastings' Motion for Relief from Judgment (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 4, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record